Levenglick v Levenglick (2019 NY Slip Op 02293)





Levenglick v Levenglick


2019 NY Slip Op 02293


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8809 350601/03

[*1]Martin H. Levenglick, Plaintiff-Respondent,
v
JoAnna Levenglick, Defendant-Appellant.


JoAnna Leveng1ick, appellant pro se.
Mintz & Gold LLP, New York (Scott Klein of counsel), for respondent.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered January 22, 2018, which, to the extent appealable, granted plaintiff's motion for renewal and reargument and, upon renewal and reargument, vacated so much of an order, same court and Justice, entered August 25, 2017, as directed plaintiff to pay $22,576, plus any penalties, including late fees, and interest accrued, to the lending institutions holding the parties' daughter's student loans, and modified so much of the same order as directed plaintiff to pay $5,000 to defendant within 60 days so as to only require such payment upon presentation of proof that she had paid the $5,000, and denied as moot defendant's motion for enforcement of the order dated August 25, 2017, unanimously reversed, on the law, and the motion for renewal and reargument denied, and the motion for enforcement remanded for consideration by the trial court.
It is undisputed that plaintiff was obligated to pay all charges from the parties' daughter's college account, which included tuition, flex account, and dining dollars, that he failed to do so, and that his failure caused his daughter to obtain student loans in an attempt to satisfy her outstanding college account balance. The first issue before this Court is whether there is sufficient evidence to determine the amount of loan money contributed by the daughter to her college account. Contrary to the motion court, we find that there is sufficient evidence.
The college account billing history shows payments identified as federal loans of $2,226 and $2,968 for the fall 2014 term, $2,226 and $2,968 for the winter 2015 term, and $5,442 and $6,926 for the winter 2016 term, for a total of $22,576. Plaintiff's argument that the college account billing history is insufficient because his daughter could have used the loan money for non-school-related purposes is without merit. The college billing records clearly establish that the daughter's loans were credited in her account history toward amounts due.
We also reject plaintiff's argument that the evidence does not establish that his daughter had an outstanding student loan balance of $22,756. He is responsible for that amount, plus all accrued late fees, penalties and interest.
The second issue before this court is whether plaintiff has presented a valid reason to renew or reargue that portion of the court's August 25, 2017 order directing him to pay $5,000 to defendant. However, plaintiff neither presented any previously unavailable proof nor demonstrated that the motion court had misapprehended an issue of law, and accordingly, we reverse that portion of the motion court's order.[FN1]
In view of its partial grant of plaintiff's motion for renewal and reargument, the motion [*2]court denied defendant's motion for enforcement of the August 25, 2017 order as moot. In view of our reversal of the grant of the motion to renew and reargue, we reverse the denial of defendant's motion for enforcement as moot, and remand it to the motion court for further proceedings.
We do not reach defendant's remaining contentions, which are directed towards an order from which she did not appeal or are improperly raised for the first time on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK



Footnotes

Footnote 1:There is no support in the record before us for plaintiff's counsel's claim in his appellate brief that plaintiff has since paid defendant the $5,000 he was directed to pay her in the August 25, 2017 order. Accordingly, that claim is not properly before us on this appeal.